**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRIGOR TASALYAN, | No. 07-71257 |
| Petitioner, | Agency No. A077-993-666 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Grigor Tasalyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order affirming an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Tasalyan's hearing testimony and his airport interview statements were inconsistent as to his reasons for coming to the United States, whether he had been arrested in Armenia, and whether he feared returning to Armenia, *see Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004), and Tasalyan's asylum application omitted his employment as a driver for the Armenian National Movement, *see Husyev*, 528 F.3d at 1183. The IJ properly considered and rejected Tasalyan's explanations for the inconsistencies. *See Li*, 378 F.3d at 963. In the absence of credible testimony, Tasalyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Tasalyan's CAT claim is based on testimony the agency found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if he returned to Armenia, his CAT claim fails. *See id.* at 1156-57. Finally, the record does not support Tasalyan's contention that the BIA failed to address his CAT claim.

**PETITION FOR REVIEW DENIED.**